### In re WISEMAN et al.

(District Court, E. D. Pennsylvania. May 23, 1903.)

#### No. 1,321.

1. BANKRUPTCY—PARTNERSHIP OR INDIVIDUAL DEBT.
   An indebtedness contracted by a member of a partnership individually cannot be converted into a firm obligation by its entry on the books as such without the creditor's knowledge, or by the making of payments thereon by firm checks, so as to preclude the creditor from proving it against the estate of the individual partner in bankruptcy.

In Bankruptcy. On certificate from referee concerning claim of Ellen McGill.

Rudolph M. Schick, for claimant.
J. Barton Rettew, for trustee.

J. B. McPHERSON, District Judge. I regret to say that I find myself unable to agree with the learned referee in his finding of facts in this case. I have read the testimony with care, and it seems to me to establish clearly the fact that the agreement in controversy was originally made with John Wiseman individually, and not with the firm of Wiseman & Wallace. This being so, of course it could not become an obligation of the firm unless Mrs. McGill assented thereto. The firm could not be substituted as her debtor in place of John Wiseman unless she agreed to the change, and there is no evidence that she ever made any such agreement. It is true that the amount due her was entered upon the books of the firm, and that the monthly payments were made by checks of the firm out of partnership funds, but obviously these facts could not of themselves change the character of the debt. It is not shown that she knew of the entry upon the books, and certainly it could make no difference to her from what source the monthly payments were made. The testimony leaves me in no doubt, therefore, that Mrs. McGill is entitled to make her claim against the individual estate of John Wiseman.

Concerning the monthly payments, I agree with the learned referee that they were not made as interest, and are, therefore, not obnoxious to the charge of usury. In this respect the report of the referee is confirmed, but his disallowance of Mrs. McGill's claim against the individual estate of John Wiseman must be disapproved.